IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Plaintiff,

v.    Civil Action No. 3:17CV805

ROBERT E. PAYNE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Ozelia Hicks, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. For the reasons that follow, the Court will dismiss the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and malicious.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). With respect to the second standard, this Court has observed that:

> A litigant may be deemed to act maliciously if his actions [i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights. Therefore, the court must assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim.

*Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (alteration in original) (quotation marks and citations omitted). Further, "[t]he courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation." *Id.* (citing *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975)). This is true, in part, because incarcerated litigants "possess both time and dissatisfactions in abundance." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). Further, in assessing whether an action is frivolous or malicious, the Court is informed by a plaintiff's past litigious conduct and the tone of his or her current allegations. *Id.*

## II. HICKS'S OTHER LITIGATION

Following a jury trial, Hicks was found guilty in the Circuit Court of Chesterfield County of obtaining money by false pretenses. *See Hicks v. Clarke*, No. 3:15CV123, 2016 WL 901265, at *1 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 667 F. App'x 796 (4th Cir. 2016). By Memorandum Opinion and Order entered on March 3, 2016, the Honorable Roderick C. Young, United States Magistrate Judge, dismissed Hicks's 28 U.S.C. § 2254 petition with respect to the above conviction. *Id.* at *9. Leah Ann Darron, from the Office of the Virginia Attorney General, represented the Respondent in that action. *See id.* at *1. Thereafter, the Honorable Robert E. Payne, Senior United States District Judge, dismissed a series of successive, unauthorized 28 U.S.C. § 2254 petitions filed by Hicks. *See, e.g., Hicks v. Virginia*, No. 3:17CV852, 2018 WL 717007, at *2 (E.D. Va. Feb. 5, 2018); *Hicks v. Virginia*, No. 3:16CV946, 2017 WL 1963900, at *1 (E.D. Va. May 11, 2017), *appeal dismissed*, 699 F. App'x 195 (4th Cir. 2017); *Hicks v. Clements*, No. 3:17CV96, 2017 WL 1963901, at *1 (E.D. Va. May 11, 2017), *appeal dismissed*, 699 F. App'x 199 (4th Cir. 2017).

Having met with no success in overturning his convictions by the appropriate channels, Hicks began to file a series of actions wherein he sues anyone tangentially involved in frustrating his efforts to reverse his conviction. *See, e.g., Hicks v. Davis*, No. 3:17CV287, 2018 WL 1937350, at *2 (E.D. Va. Apr. 24, 2018) (dismissing as legally and factually frivolous Hicks's claims that Edward L. Davis, counsel with the Virginia State Bar, violated Hicks's constitutional rights by impeding Hicks's ability to pursue criminal charges against the prosecutor in his case). In the present action, Hicks names Judge Payne, Judge Young, Leah Darron, and the Honorable M. Hannah Lauck, United States District Judge, as Defendants. (ECF No. 1, at 1.) Although not entirely clear, Hicks contends that by denying him relief on his habeas petitions, Defendants conspired "to cover up, conceal evidence," and keep him incarcerated. (*Id.* at 5.) Hicks demands millions of dollars of damages against each Defendant. (*Id.* at 11.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Hicks's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds, Pink v. Lester*, 52 F.3d 73,

3

77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance to Hicks's spurious claims against Defendants Payne, Young, and Lauck. Thus, these claims are legally frivolous.

Prosecutorial immunity bars Hicks's claims against Ms. Darron for monetary damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273. Prosecutorial immunity extends to individuals in the Attorney General's Office, such as Ms. Darron, who are handling post-conviction matters and "functioning as an advocate for the State." *Carter*, 34 F.3d at 263. Furthermore, Hicks's demands for equitable relief are an improper attempt to invalidate his conviction via 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Accordingly, the Court finds the action is subject to dismissal as frivolous.

Additionally, the Court finds the action is subject to dismissal as malicious. Hicks demands millions of dollars of damages against Defendants, who (with the exception of Judge Lauck), oversaw or advocated against him in his post-conviction proceedings. Hicks provides little to no coherent explanation for why these Defendants are liable to him. Under similar circumstances, courts have observed:

> when there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make, the Plaintiff sues those involved in securing his incarceration, and the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the Defendants and not to rectify any wrong done to him, then the suit is a MALICIOUS one.

*Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (quoting *Spencer v Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. 1987)). Further, the progression of Hicks's litigious history indicates that he has moved from lawful efforts to set aside his conviction, to merely striking out at those who failed to aid in that quest. The sum of all of this compels the conclusion that Hicks filed the present action "to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Id.* (citation omitted).

## IV. CONCLUSION

The action will be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/20/18
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

5